**PARADIGM SALES, INC., Plaintiff,**

v.

**WEBER MARKING SYSTEMS, INC., Defendant.**

**No. 3:93–CV–202RM.**

United States District Court, N.D. Indiana, South Bend Division.

Aug. 26, 1993.

Paul B. Hunt, David R. Melton, South Bend, IN, for plaintiff.

James H. Pankow, South Bend, IN, Robert E. Wagner, Daniel N. Christus, James J. Jagoda, Chicago, IL, for defendant.

*MEMORANDUM AND ORDER*

MILLER, District Judge.

Absent Congressional action, civil litigants soon will be required to exchange certain pre-discovery disclosures. *See* Proposed Amendments to Rule 26 the Federal Rules of Civil Procedure, 146 F.R.D. 401, 606. If that occurs, a body of law is certain to develop resolving disputes between parties as to whether one side has fully complied with the rules concerning pre-discovery disclosures. Such disputes, however, defeat the whole purpose of mandatory pre-discovery disclosures, that being to reduce costs and delay in the progress of the suit.

The Advisory Committee Notes to Proposed Rule 26(a) provides that: "The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." Advisory Committee Notes to the Proposed Amendments to Rule 26(a) of the Federal Rules of Civil Procedure, 146 F.R.D. at 631.

For some time, this court has, pursuant to the Civil Justice Reform Act of 1991, required that parties in civil litigation exchange certain basic information, through an order modeled on an earlier draft of Proposed Rule 26(a). The court fashioned its order with similar goals in mind—to reduce delay and costs. The parties in this case, unfortunately, appear to have engaged in gamesmanship, and now find themselves at an irreconcilable dispute over the interpretation of the court's discovery order.

This cause comes before the court on the motion of plaintiff Paradigm Sales, Inc. ("Paradigm"), to exclude evidence, to compel evidence, and to impose sanctions. Defen-

dant Weber Marking Systems, Inc. ("Weber") has moved for oral argument, but the parties' written submissions are more than adequate in resolving the dispute. For the reasons that follow, the plaintiff's motion is denied as premature.

On May 27, 1993, the court issued its Order on Discovery. Pursuant to that order, the parties were required to exchange certain basic information—the names of individuals, as well as documents, data compilations, and other tangible things—that are likely to bear significantly on any claims or defenses. The order also required the parties to provide each other with certain information concerning the calculation of damages.

Paradigm maintains that on June 18, it complied with the court's discovery order by serving Weber with the names of several witnesses and more than 6,200 documents.[1] On July 9, Weber served Paradigm with the names of two witnesses and 75 drawings of the alleged infringing product. On July 23, Weber served Paradigm with additional documents pertaining to damages; Paradigm contends that this material came too late. Believing that Weber has not complied fully with the court's discovery order, Paradigm moves the court to exclude Weber from introducing certain evidence at trial, to compel Weber to produce certain material, and to impose sanctions upon Weber.

Weber disagrees with most of Paradigm's contentions. Weber interprets the court's discovery order as requiring it to exchange only those documents that Weber believes to have a known impact on "its" claims or defenses. Weber claims that it could not provide Paradigm certain documents because Weber had not yet formulated its claims or defenses. According to Weber, its "only developed defense at this time is the defense of noninfringement"; Weber maintains that it has turned over the required information concerning that defense. Weber indicated that it would supplement its responses as soon as it had developed other claims or defenses.

A common-sense interpretation of the court's disclosure order is required to effectuate the purposes and goals of the order: that being to reduce the cost and delay in the progress of this action. The court's disclosure order provides that the parties are to exchange information that is likely to "bear significantly on *any* claim or defense". (emphasis added). A party may not limit its disclosures to only that's party's claims or defenses. The order cannot be construed to require a party to disclose information concerning unpleaded claims and defenses. Such a construction might be deemed appropriate with respect to a party's own anticipated future claims or defenses, but since the order requires a party to disclose information that bears significantly on an adversary's claims or defenses, such a construction would obligate disclosure with respect to claims or defenses that the adversary might plead but has not pleaded. The court's order requires basic disclosures, not clairvoyance

Accordingly, Paradigm's motion is entirely premature. Noninfringement is the only defense Weber has pleaded. The court cannot determine from this record whether Weber has made full disclosure of "information that bears significantly" on that defense or on Paradigm's claims. If full disclosure has been made and no additional defenses are raised, Weber has complied with the disclosure order. If full disclosure has not been made, Weber will find it difficult to introduce undisclosed evidence (including evidence on Paradigm's claim for damages) at trial or on summary judgment, see ¶(E)(4) of the disclosure order. If full disclosure has been made on the non-infringement defense and Paradigm suspects Weber is holding back other defenses for tactical purposes, Paradigm may object on that ground to any motion to amend the pleadings. If Weber achieves an amendment to add defenses, it will owe Paradigm additional disclosures under the order; in the meantime, Paradigm may proceed with discovery under Rules 26 to 37 of the Federal Rules of Civil Procedure.

---

1. The court's discovery order was not the sole reason for Paradigm's voluminous response; Paradigm was also responding to several discovery requests served by Weber.

The court believes it appropriate to remind the parties that the disclosure order does not require production of documents; ¶(A)(1)(b) of the order affords an option of production or description.

**100**

Accordingly, the plaintiff's motion for exclusion of evidence, to compel evidence, and for sanctions (filed July 16, 1993) is DENIED as premature, and the defendant's motion for oral argument (filed August 18, 1993) is DENIED.

SO ORDERED.